## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Marvin Lewis Chestnut,
Lawrence Anthony Barnes,
Charles Nguyen Thorstad,
Tywan Lamont Walker,
Larry Keshawn Mitchell,
Robert Bradley Sayers,
Nieta Jamil Aki Jackson, and
Otis Lee Walker,

              Plaintiff,

    v.

Darcy Klund, individually;
Michael Kennedy, individually;
Joseph Brown, individually;
Jaclyn Marie Tuma, individually;
Jonathan Stalboerger, individually,
Paul Luther Huynh, individually;
Matthew Severance, individually;
Souphaphone Daoheuang, individually;
Kyle Pond, individually; and
Jacob Spies, individually,

              Defendants.

Case No.: 22-CV-2714 (MJD-DTS)


**ANSWER OF
DARCY KLUND TO PLAINTIFFS'
COMPLAINT**

**JURY TRIAL DEMANDED**

---

For his Answer to Plaintiffs' Complaint, Defendant Darcy Klund denies each and

every allegation, matter, and thing in Plaintiffs' Complaint, except as hereafter admitted.


## I. PRELIMINARY STATEMENT

1.     Defendant admits Plaintiffs were arrested amid civil unrest in Uptown following the death of Winston Smith. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Defendant admits the allegations in Paragraph 2, but denies Defendant violated any of Plaintiffs' constitutional rights.

3.     Defendant admits the allegations in Paragraph 3.

## II. PARTIES

*A. Plaintiffs*

4.     On information and belief, Defendant admits the allegations in Paragraph 4.

5.     On information and belief, Defendant admits the allegations in Paragraph 5.

6.     On information and belief, Defendant admits the allegations in Paragraph 6.

7.     On information and belief, Defendant admits the allegations in Paragraph 7.

8.     On information and belief, Defendant admits the allegations in Paragraph 8.

9.     On information and belief, Defendant admits the allegations in Paragraph 9.

10.    On information and belief, Defendant admits the allegations in Paragraph 10.

11.    On information and belief, Defendant admits the allegations in Paragraph 11.

*B. Defendant Minneapolis Police Officers*

12.    Defendant admits the allegations in Paragraph 12.

13.    Defendant admits the allegations in Paragraph 13.

14.    Defendant admits the allegations in Paragraph 14.

15.    Defendant admits the allegations in Paragraph 15.

16.    Defendant admits the allegations in Paragraph 16.

17.    Defendant admits the allegations in Paragraph 17.

18.    Defendant admits the allegations in Paragraph 18.

19.    Defendant admits the allegations in Paragraph 19.

20.    Defendant admits the allegations in Paragraph 20.

21.    Defendant admits the allegations in Paragraph 21.

### III. JURISDICTION

22.    The allegations in Paragraph 22 of the Complaint are legal conclusions to which no responsive pleading is required.

### IV. FACTS

*C. Minnesota Freedom Fighters: History and Mission*

23.    Defendant admits the allegations in Paragraph 23.

24.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 and therefore denies the same.

25.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 and therefore denies the same.

26.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 and therefore denies the same.

27.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 and therefore denies the same.

28.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 and therefore denies the same.

29.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 and therefore denies the same.

30.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 and therefore denies the same.

31.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 and therefore denies the same.

32.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies the same.

33.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 33 and therefore denies the same.

34.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 34 and therefore denies the same.

35.     Defendant admits he had heard the name Freedom Fighters before June 4, 2021, but denies the remaining allegations in Paragraph 35.

> *D. Minnesota Freedom Fighters Respond to the Call of Minneapolis City Officials to Help Interrupt Violent Protests Breaking Out in South Minneapolis following the Killing of Winston Smith.*

36.     Defendant admits the allegations in Paragraph 36.

37.     Defendant admits that following the death of Winston Smith, there was civil unrest in Uptown.

38.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 38 and therefore denies the same.

39.     Defendant admits the allegations in Paragraph 39.

4

40.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 40 and therefore denies the same.

41.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 41 and therefore denies the same.

42.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 42 and therefore denies the same.

43.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 43 and therefore denies the same.

44.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 44 and therefore denies the same.

45.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 45 and therefore denies the same.

46.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 46 and therefore denies the same.

47.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 47 and therefore denies the same.

48.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 48 and therefore denies the same.

49.     Defendant admits that protestors had blocked the intersection with bike racks and burning dumpsters. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 49 and therefore denies the same.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 51 and therefore denies the same.

52.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 52 and therefore denies the same.

53.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 53 and therefore denies the same.

54.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 54 and therefore denies the same.

55.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 55 and therefore denies the same.

56.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 56 and therefore denies the same.

57.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 57 and therefore denies the same.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant admits that he approached Plaintiffs with other officers. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 59 and therefore denies the same.

60.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 60 and therefore denies the same.

61.     Defendant admits he was one of the sergeants who authorized Plaintiffs' arrest.

62.     Defendant admits he was one of the sergeants who authorized Plaintiffs' arrest and he informed Plaintiffs they were under arrest.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 64 and therefore denies the same.

    *E. The Arrest of Marvin Chestnut.*

65.     Defendant admits Plaintiff Chestnut was cooperative when arrested. Defendant admits Kennedy arrested Plaintiff Chestnut. Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

66.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 66 and therefore denies the same.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

69.     Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the arrest was unlawful. Defendant admits Plaintiff Chestnut was transported to the Hennepin County Jail. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 71 and therefore denies the same.

72.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 72 and therefore denies the same.

73.     Defendant denies the allegations in Paragraph 73.

*F. The Arrest of Lawrence Barnes.*

74.     Defendant admits Plaintiff Barnes was cooperative when arrested. Defendant admits he directed the arrest of Plaintiff Barnes. Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

75.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 75 and therefore denies the same.

76.     Defendant denies the allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the arrest was unlawful. Defendant admits Plaintiff Barnes was transported to the Hennepin County Jail. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 80 and therefore denies the same.

81.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 81 and therefore denies the same.

82.     Defendant denies the allegations in Paragraph 82.

*G. The Arrest of Charles Nguyen Thorstad.*

83.     Defendant admits Plaintiff Thorstad was cooperative when arrested. Defendant admits Brown arrested Plaintiff Thorstad. Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

84.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 84 and therefore denies the same.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87.

88.     Defendant denies the allegations in Paragraph 88.

89.     Defendant denies the arrest was unlawful. Defendant admits Plaintiff Thorstad was transported to the Hennepin County Jail. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 89 and therefore denies the same.

90.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 90 and therefore denies the same.

91.     Defendant denies the allegations in Paragraph 91.

        *H. The Arrest of Tywan Lamont Walker.*

92.     Defendant admits Plaintiff T. Walker was cooperative when arrested. Defendant admits Stalboerger arrested Plaintiff T. Walker. Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

93.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 93 and therefore denies the same.

94.     Defendant denies the allegations in Paragraph 94.

95.     Defendant denies the allegations in Paragraph 95.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant denies the allegations in Paragraph 97.

98.     Defendant denies the arrest was unlawful. Defendant admits Plaintiff T. Walker was transported to the Hennepin County Jail. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 98 and therefore denies the same.

99.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 99 and therefore denies the same.

100.    Defendant denies the allegations in Paragraph 100.

        *I. The Arrest of Larry Keshawn Mitchell.*

101.    Defendant admits Plaintiff Mitchell was cooperative when arrested. Defendant admits Tuma arrested Plaintiff Mitchell. Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

102.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 102 and therefore denies the same.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

107.    Defendant denies the arrest was unlawful. Defendant admits Plaintiff Mitchell was transported to the Hennepin County Jail. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 107 and therefore denies the same.

108.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 108 and therefore denies the same.

109.     Defendant denies the allegations in Paragraph 109.

*J. The Arrest of Robert Bradley Sayers.*

110.     The allegations in Paragraph 110 are directed to another defendant. To the extent Paragraph 110 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

111.     The allegations in Paragraph 111 are directed to another defendant. To the extent Paragraph 111 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

112.     The allegations in Paragraph 112 are directed to another defendant. To the extent Paragraph 112 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

113.     The allegations in Paragraph 113 are directed to another defendant. To the extent Paragraph 113 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

114.     The allegations in Paragraph 114 are directed to another defendant. To the extent Paragraph 114 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

115.     The allegations in Paragraph 115 are directed to another defendant. To the extent Paragraph 115 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

116.    The allegations in Paragraph 116 are directed to another defendant. To the extent Paragraph 116 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

117.    The allegations in Paragraph 117 are directed to another defendant. To the extent Paragraph 117 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

118.    The allegations in Paragraph 118 are directed to another defendant. To the extent Paragraph 118 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

### K. The Arrest of Nieta Jamil Aki Jackson.

119.    The allegations in Paragraph 119 are directed to another defendant. To the extent Paragraph 119 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

120.    The allegations in Paragraph 120 are directed to another defendant. To the extent Paragraph 120 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

121.    The allegations in Paragraph 121 are directed to another defendant. To the extent Paragraph 121 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

122.    The allegations in Paragraph 122 are directed to another defendant. To the extent Paragraph 122 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

123.   The allegations in Paragraph 123 are directed to another defendant. To the extent Paragraph 123 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

124.   The allegations in Paragraph 124 are directed to another defendant. To the extent Paragraph 124 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

125.   The allegations in Paragraph 125 are directed to another defendant. To the extent Paragraph 125 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

126.   The allegations in Paragraph 126 are directed to another defendant. To the extent Paragraph 126 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

127.   The allegations in Paragraph 127 are directed to another defendant. To the extent Paragraph 127 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

128.   The allegations in Paragraph 128 are directed to another defendant. To the extent Paragraph 128 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

*L. The Arrest of Otis Lee Walker.*

129.   Defendant admits Plaintiff O. Walker was cooperative when arrested. Defendant admits Spies arrested Plaintiff O. Walker. Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

130.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 130 and therefore denies the same.

131.    Defendant denies the allegations in Paragraph 131.

132.    Defendant denies the allegations in Paragraph 132.

133.    Defendant denies the allegations in Paragraph 133.

134.    Defendant denies the allegations in Paragraph 134.

135.    Defendant denies the arrest was unlawful. Defendant admits Plaintiff O. Walker was transported to the Hennepin County Jail. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 135 and therefore denies the same.

136.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 136 and therefore denies the same.

137.    Defendant denies the allegations in Paragraph 137.

## V. FEDERAL CLAIMS AGAINST DEFENDANTS KLUND, KENNEDY, BROWN, TUMA, STALBOERGER, HUYNH, SEVERENCE, DAODHEUANG, POND, AND SPIES IN THEIR INDIVIDUAL CAPACITITES

*Count I. 42 U.S.C. §1983: Unreasonable Seizure in Violation of the Fourth Amendment: Marvin Lewis Chestnut.*

138.    Paragraph 138 contains a legal conclusion and is not subject to responsive pleading.

139.    Defendant denies the allegations in Paragraph 139.

140.    Defendant denies the allegations in Paragraph 140.

141.    Defendant denies the allegations in Paragraph 141.

14

*Count II. 42 U.S.C. §1983 Unreasonable Seizure in Violation of the Fourth Amendment: Lawrence Anthony Barnes.*

142.    Paragraph 142 contains a legal conclusion and is not subject to responsive pleading.

143.    Defendant denies the allegations in Paragraph 143.

144.    Defendant denies the allegations in Paragraph 144.

145.    Defendant denies the allegations in Paragraph 145.

*Count III. 42 U.S.C. §1983: Unreasonable Seizure in Violation of the Fourth Amendment: Charles Nguyen Thorstad.*

146.    Paragraph 146 contains a legal conclusion and is not subject to responsive pleading.

147.    Defendant denies the allegations in Paragraph 147.

148.    Defendant denies the allegations in Paragraph 148.

149.    Defendant denies the allegations in Paragraph 149.

*Count IV. 42 U.S.C §1983: Unreasonable Seizure in Violation of the Fourth Amendment: Tywan Lamont Walker.*

150.    Paragraph 150 contains a legal conclusion and is not subject to responsive pleading.

151.    Defendant denies the allegations in Paragraph 151.

152.    Defendant denies the allegations in Paragraph 152.

153.    Defendant denies the allegations in Paragraph 153.

*Court V. 42 U.S.C. §1983: Unreasonable Seizure in Violation of the Fourth Amendment: Larry Keshawn Mitchell.*

154.    Paragraph 154 contains a legal conclusion and is not subject to responsive pleading.

155.    Defendant denies the allegations in Paragraph 155.

156.    Defendant denies the allegations in Paragraph 156.

157.    Defendant denies the allegations in Paragraph 157.

*Court VI. 42 U.S.C. §1983: Unreasonable Seizure in Violation of the Fourth Amendment: Robert Bradley Sayers.*

158.    Paragraph 158 contains a legal conclusion and is not subject to responsive pleading.

159.    The allegations in Paragraph 159 are directed to another defendant. To the extent Paragraph 159 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

160.    The allegations in Paragraph 160 are directed to another defendant. To the extent Paragraph 160 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

161.    The allegations in Paragraph 161 are directed to another defendant. To the extent Paragraph 161 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

*Court VII. 42 U.S.C. §1983: Unreasonable Seizure in Violation of the Fourth Amendment: Nieta Jamil Aki Jackson.*

162.    Paragraph 162 contains a legal conclusion and is not subject to responsive pleading.

163.    The allegations in Paragraph 163 are directed to another defendant. To the extent Paragraph 163 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

164.    The allegations in Paragraph 164 are directed to another defendant. To the extent Paragraph 164 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

165.    The allegations in Paragraph 165 are directed to another defendant. To the extent Paragraph 165 makes allegations against Defendant, Defendant lacks sufficient knowledge of the allegations and therefore denies the same.

*Court VIII. 42 U.S.C. §1983: Unreasonable Seizure in Violation of the Fourth Amendment: Otis Lee Walker.*

166.    Paragraph 166 contains a legal conclusion and is not subject to responsive pleading.

167.    Defendant denies the allegations in Paragraph 167.

168.    Defendant denies the allegations in Paragraph 168.

169.    Defendant denies the allegations in Paragraph 169.

*Count IX. Punitive Damages Under Federal Law.*

170.    Defendant denies the allegations in Paragraph 170.

**PRAYER FOR RELIEF**

The request for relief is not subject to responsive pleading. To the extent that the prayer for relief implores or asserts liability on Defendant's part in any way, it is denied. Plaintiffs have no right to relief at law or equity.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Upon information and belief, Plaintiffs have failed to join a party under Rule 19 of the Federal Rules of Civil Procedure.

3.    Defendant affirmatively alleges that, at all times relevant to the Complaint, he is protected from liability by qualified immunity and/or any other applicable immunity.

4.    Defendant alleges that the acts upon which the Complaint is based, if any were committed by Defendant or Defendant's employees or agents, were privileged, were based upon reasonable suspicion, probable cause, Plaintiffs' consent, or other proper legal standard to believe that Plaintiffs were subject to a lawful seizure, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances such that Defendant is immune from liability in this action.

5.    The alleged use of force referenced in the Complaint was privileged under the common law and/or under Minn. Stat. §§ 609.06 and 609.066.

6.    The alleged use of force referenced in the Complaint was justified by the doctrine of self-defense.

7.    Defendant's actions are permitted by local law, state statute, federal law, or other applicable law.

8.    Defendant's actions, if any, were justified by Plaintiffs' actions.

9.      Defendant is not liable for punitive damages, if any, under state and federal law.

10.     Plaintiffs' injuries or damages, if any, were caused, contributed to, or brought about by Plaintiffs' own intentional, illegal, and/or negligent acts or the acts of others over whom Defendants exercised no right or dominion or control and for whose actions Defendants are not legally responsible.

11.     Plaintiffs failed to mitigate their damages, if any.

12.     Plaintiffs voluntarily assumed any risk inhered in the situation that gave rise to the Complaint.

13.     Defendant alleges that if Plaintiffs suffered any injury, damage or harm, such injury, damage, or harm was caused by persons, events, and occurrences not involving Defendant.

14.     Defendant denies that Plaintiffs have any right to attorneys' fees in this action.

15.     Plaintiffs had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiffs complain; further Plaintiffs voluntarily assumed any risk inhered in the situation that gave rise to the Complaint.

16.     The Complaint against Defendant is contrary to public policy.

17.     The Complaint is barred by the doctrine of execution of a public duty.

18.     Defendant alleges that Plaintiffs voluntarily and unreasonably proceeded to encounter a known danger and therefore assumed the risk of any injury or damages.

19.     Defendant had justification for any of the actions, allegedly taken by Defendant complained of in the Complaint.

20.     Defendant alleges affirmatively that the acts upon which the Complaint was made were privileged, in that the acts were necessary to secure important governmental and public interests relative to public safety and welfare, there was a need for prompt action because of exigent circumstances, and the Defendant attempted to minimize any risk of wrongful, erroneous or unnecessary deprivation of life, liberty, or property.

21.     Plaintiffs' claim also may be barred by affirmative defenses contemplated by Rule 12 of the Federal Rules of Civil Procedure, which are not specifically set forth above. The extent to which the Complaint's claim may be barred by one or more of said affirmative defenses cannot be determined at this time.   Pending further discovery, Defendant alleges and incorporates all such affirmative defenses set forth in Fed. R. Civ. P. 12.02.

**WHEREFORE**, Defendant prays for an Order of this Court as follows:

1.     Dismissing Plaintiffs' Complaint on the merits and with prejudice in its entirety;

2.     Awarding Defendant all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.     For such other and further relief as this Court deems appropriate.

20

## ACKNOWLEDGMENT

Defendant, through his attorneys, acknowledges that sanctions may be imposed under Minn. Stat. § 549.211, if the statute is found to apply.

Dated: February 21, 2023

KRISTYN ANDERSON
City Attorney
*By /s Mark Enslin*
MARK ENSLIN (#0338813)
REBEKAH M. MURPHY (#0392912)
Assistant City Attorneys
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-5132
(612) 673-2017
mark.enslin@minneapolismn.gov
rebekah.murphy@minneapolismn.gov

*Attorneys for Defendant Darcy Klund*