UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marvin Lee Chestnut, et al., | Court File No.: 22-cv-2714 (MJD/DTS) |
| Plaintiffs, | |
| v. | **STIPULATION FOR PROTECTIVE ORDER** |
| Darcy Klund et al., | |
| Defendants. | |

The parties stipulate that the Court may enter the following Protective Order:

**I.   DEFINITIONS**

    1.   As used in this protective order:

        a. "attorney" means an attorney who has appeared in this action;

        b. "confidential document" means a document designated as confidential under this protective order;

        c. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

        d. "document" means information disclosed or produced in discovery, including at a deposition;

1

  e. "notice" or "notify" means written notice;

  f. "party" means a party to this action; and

  g. "protected document" means a document protected by a privilege or the work-product doctrine.

## II. DESIGNATING A DOCUMENT OR DEPOSITION AS A CONFIDENTIAL DOCUMENT

  2. A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information, which includes but is not limited to medical, financial, and other sensitive personal information, or "not public data" under the Minnesota Government Data Practices Act ("MGDPA"). (*See* definition of "not public data" Minn. Stat. § 13.02, subd. 8a.)

  3. A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

  4. All extracts and summaries of documents designated confidential shall be treated as protected in accordance with the provisions of this protective order.

  5. If properly requested through discovery, Plaintiff agrees to execute any necessary releases for Defendants to obtain relevant documents and information, including but not limited to, medical records, employment records, income tax records, and cell-phone records, directly from the appropriate entity

that has possession of the documents and information. Such documents will be treated as confidential by the recipient and shall be so marked upon production to Plaintiff. The parties do not waive any objections to providing a release requested in discovery.

6. The following private personnel data on government employees will <u>not</u> be produced in this action without a specific court order or agreement by the parties: home addresses, home telephone numbers, drivers' license numbers, personal financial data, medical and psychological data, dates of birth, Social Security numbers, and any information relating to employees' family members or familial relationships unless relevant to the causes of action. Defendants do not waive any Minnesota Government Data Practices Act objections to the production of any other private personnel data not specified above. *See* Minn. Stat. § 13.43.

7. Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) if a designation of confidential is not made at or during a deposition, it may be made within 30 days following the availability of the deposition transcript by the service of written notice to all parties. All persons with copies of the deposition transcript shall then mark the confidential portions of the deposition as confidential. Until

the 30-day period has expired, all deposition testimony and transcripts shall be treated as confidential.

8. If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

### III. WHO MAY RECEIVE A CONFIDENTIAL DOCUMENT

9. A confidential document may be used only in this action. It is expressly agreed that confidential documents received in the course of this action may not be used for any purpose or advantage other than the above-captioned action.

10. No person receiving a confidential document may disclose the contents of that document, except to:

   a. the Court and its staff

   b. an attorney or an attorney's partner, associate, or staff, who is assisting in this litigation;

   c. a person shown on the face of the confidential document to have authored or received it, or is depicted in the document;

   d. a court reporter or videographer retained in connection with any deposition in this action;

  e. a party;

  f. employees, agents, or volunteers of the Minneapolis City Attorney's Office, who are assisting in this litigation;

  g. Elected or appointed officials, management-level employees of the City of Minneapolis, and any other employee of the City of Minneapolis required to obtain or facilitate settlement authority;

  h. Any other person who the parties unanimously agree to in writing; and

  i. any person who:

    (A) is retained to assist a party or attorney with this action; and

    (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form[1]:

    I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

    I declare under penalty of perjury that the foregoing is true and correct.

---

[1] The parties agree that the name and case number may be removed from this declaration and the protective order in the case of mock jury members who are retained to help evaluate the case.

11. If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it and notify the producing party.

## IV. SUBPOENAS

12. A party serving a subpoena on a non-party must simultaneously (1) notify the opposing party and (2) serve a copy of this protective order and Local Rule 5.6 on the subpoena recipient.

13. If a party receives a subpoena or other court process that arguably calls for the production of confidential documents, that party shall give the other parties written notice of the subpoena or court process and at least ten (10) days' notice before producing any such confidential documents.

14. A party serving a subpoena on a non-party must produce any documents received pursuant to the subpoena to the opposing party within ten (10) business days.

## V. CORRECTING AN ERROR IN DESIGNATION

15. A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

16. Any party receiving such improperly-designated documents shall make reasonable efforts to retrieve any copies they have distributed of such documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

**VI.  USE OF A CONFIDENTIAL DOCUMENT IN COURT OR DEPOSITION**

17. Filing.  While this protective order does not authorize the filing of any document under seal, if confidential documents, including confidential portions of deposition transcripts, are to be included in any papers to be filed in the Court, the parties shall either (1) redact the confidential information from the document before filing; or (2) if the confidential information is necessary to the filing then to file the document under temporary seal and follow the procedure in Local Rule 5.6.  Documents filed under seal shall remain under temporary seal in accordance with Local Rule 5.6 until further action of the Court pursuant to Local Rule 5.6.

18. Nothing contained in this Stipulation and the resulting Protective Order shall preclude a party from showing any confidential documents to any third-party witnesses, either during a deposition or a trial, provided that:

    a. The actual or potential witness may not be given a copy of any confidential documents to take with him or her; and,

    b. The actual or potential witness shall be provided a copy of the stipulation and resulting protective order and be advised that it is

applicable to him, her, or them. The actual or potential witness and his, her, or their attorney shall be informed that they are bound by paragraphs 9 and 10 of the stipulation and resulting protective order, requiring that confidential documents be held in confidence and shall not disclose the confidential documents to anyone except as allowed under the terms of this Stipulation and resulting protective order. The witness must agree on the record to abide by such terms or must sign the affirmation in paragraph 10(i).

c. If the witness refuses to abide by the terms of the Protective Order and the party providing the confidential documents refuses to withdraw its assertion of confidentiality, the party seeking to use the confidential documents shall have the right to suspend the deposition and bring a motion before the Court seeking a ruling on the issue. The parties agree that the confidential documents in question shall not be used during the deposition pending a ruling from the Court.

d. Nothing in this Stipulation and resulting protective order shall be deemed to waive a party's right to object to the presentation of confidential documents to third-party witnesses, or their right to

        seek relief from the Court before the confidential documents are presented to third-party witnesses.

19. In the event that any confidential documents are presented during a deposition or shown to a non-party or third-party witness, such documents or information shall not lose their confidential, non-public, or private status through such use.

20. Presentation at a hearing or trial.

    a. A party intending to present another party's or a non-party's confidential document, or information contained therein, at a hearing must notify and confer with the other party or non-party at least 7 days before the hearing regarding what information will be presented so that the other party or non-party may seek relief from the court if necessary.

    b. A party intending to present a party or a non-party's confidential document at trial must notify the party or non-party simultaneously with the filing of exhibit lists for trial so that the party or non-party may seek relief from the court if necessary.

21. Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, information, testimony, or other evidence at trial.

## VII. CHANGING A CONFIDENTIAL DOCUMENT'S DESIGNATION

22. Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

23. Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

24. Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

## VIII. HANDLING A CONFIDENTIAL DOCUMENT AFTER TERMINATION OF LITIGATION

25. Within sixty (60) days of the termination of this action (including any appeals), each party must:

   a. return or destroy all confidential documents (and copies thereof); and

    b. notify the disclosing or producing party that it has returned or destroyed all confidential documents (and copies thereof) within the 60-day period.

26. Notwithstanding paragraph 25, each attorney may retain a copy of any confidential document submitted to the court and any internal memoranda or notes discussing any confidential document.

27. No retained confidential documents or internal memoranda or notes discussing a confidential document may be disclosed or used for any other purpose other than for this action.

## IX. INADVERTENT DISCLOSURE OR PRODUCTION TO A PARTY OF A PROTECTED DOCUMENT.

28. Notice.

    a. A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party promptly provides such notice and description, the privilege or protection is not waived.

    b. A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

29. Handling of a Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

## X. SECURITY PRECAUTIONS AND DATA BREACHES.

30. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

31. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

## XI. GENERAL PROVISIONS

32. The designation of any document, information, or thing as a confidential document under this Stipulation is for purposes of the resulting Protective Order only and shall not be used for the purpose of interpreting other legal or substantive issues raised in this action apart from the application of the resulting Protective Order.

33. Any party may move the Court for a modification of the resulting Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

34. No action taken in accordance with the resulting Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

35. The obligations imposed by the resulting Protective Order shall survive the termination of this action.

Dated: March 28, 2023

/s Frederick J. Goetz
FREDERICK J. GOETZ (#185425)
ANDREW H. MORHING (#190731)
NATALIE R. COTE (#403533)
Banks Building
615 First Ave. N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552
fgoetz@goetzeckland.com
amohring@goetzeckland.com
ncote@goetzeckland.com

ATTORNEYS FOR PLAINTIFFS

Dated: March 28, 2023

KRISTYN ANDERSON
City Attorney
By /s Mark Enslin
MARK ENSLIN (#0338813)
REBEKAH M. MURPHY (#0392912)
Assistant City Attorneys
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-5132
(612) 673-2017
mark.enslin@minneapolismn.gov
rebekah.murphy@minneapolismn.gov

*Attorneys for Defendants*